IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIUS MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-cv-213-TFM |
| | ) | [wo] |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Octavius Matthews ("Matthews" or "Plaintiff") requests review of the administrative decision to terminate disability insurance benefits under Title II of the Social Security Act and/or Supplemental Security Income benefits under Title XVI of the Social Security Act. After a continuing disability review determined that Plaintiff had experienced medical improvement related to his[1] ability to work, Matthews received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court concludes the Commissioner's decision should be **REVERSED** and **REMANDED**.

### I. NATURE OF THE CASE

Matthews seeks judicial review of the Commissioner of Social Security Administration's

---

[1] In the case, Matthews refers to gender reassignment surgery and being a hermaphrodite, but never seems to specify a gender identity nor use a pronoun. *See* Doc. 15. The Court uses the male pronouns throughout this opinion simply because that is what the ALJ and the remaining record utilize.

decision to terminate disability insurance benefits and supplemental security income benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 F. App'x 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK [2]

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are

---

[2] For the purposes of this appeal, the Court utilizes the versions effective until March 27, 2017 as that was the version in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

both insured and disabled, regardless of indigence.³ *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.⁴

Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

---

³ DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

⁴ SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

"There is a statutory requirement that, if you are entitled to disability benefits, your continued entitlement to such benefits must be reviewed periodically." 20 C.F.R. § 404.1594(a). The Commissioner may terminate a claimant's benefits upon finding that there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to work and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). To determine whether disability should be terminated, the ALJ must conduct an eight-part evaluation process and determine:

(1) Whether the claimant is engaging in substantial gainful activity;

(2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) If impairments do not meet a listing, whether there has been medical improvement;

(4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5) If there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;

(6) If medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7) If the claimant has a severe impairment, whether the claimant can perform past relevant work;

(8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f); *see also Klaes v. Comm'r*, 499 F. App'x 895, 896 (11th Cir. Nov. 29, 2012) (listing 8-part test and citing statute); *Chereza v. Comm'r of SSA*, 379 F. App'x 934, 938 (11th Cir. May 21, 2010) (same).

To perform Steps 3 through 6, the ALJ must determine whether the claimant has

experienced medical improvement. Medical improvement means "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant] was disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). The conclusion that a decrease in medical severity exists must be based upon improvements in a claimant's symptoms, signs, or laboratory findings associated with the claimant's impairment(s). 20 C.F.R. § 404.1594(b)(1). To determine if there has been medical improvement, the ALJ must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *see* 20 C.F.R. § 404.1594(c)(1); *see also Gombash v. Comm'r, Soc. Sec. Admin.*, 566 F. App'x 857, 859 (11th Cir. May 19, 2014) (citing *McAulay* and stating same). In fact, "a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984) (citing *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984). "To terminate benefits, the Commissioner may not focus only on new evidence concerning disability, but must also evaluate the evidence upon which the claimant was originally found to be disabled." *Gombash*, 566 F. App'x at 859 (citing *Vaughn*, 727 F.2d at 1043). "Without a comparison of the old and new evidence, there can be no adequate finding of improvement." *Id*.

Finally, in addition to evaluating medical improvement, to complete the eight-step process, the ALJ must also determine the claimant's Residual Functional Capacity ("RFC"). RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. 20 C.F.R. § 404.1520(a)(4); *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and

nonexertional limitations. *Phillips*, 357 F.3d at 1242-43.

## IV. BACKGROUND AND PROCEEDINGS

In a determination dated June 17, 2009, the Social Security Administration found Matthews disabled as of September 1, 2008. During a periodic review, it was determined that Plaintiff was no longer disabled as of February 1, 2014 and benefits were discontinued. Following administrative denials of continued benefits, Matthews requested a hearing before an administrative law judge ("ALJ"). ALJ Charles Thigpen ("the ALJ") convened evidentiary hearings on September 30, 2015 and April 26, 2016. R. 26-48. Matthews appeared without an attorney or representative. At the first hearing, the ALJ ultimately postponed the hearing so that Matthews could confer with an attorney or representative and urged Matthews to do so. R. 43-48. At the second hearing on April 26, 2016, Matthews again appeared without an attorney or representative. R. 26-42. The ALJ again attempted to postpone the hearing to provide Matthews the opportunity to obtain another counsel; however, Matthews indicated that he did not want to delay and waived his right to counsel. R. 28-30. The ALJ received direct testimony from Matthews and a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical records, reports from consultative sources, and residual functional capacity assessments completed by agency consultants after reviewing Matthews' records. The ALJ rendered an unfavorable verdict on May 10, 2016. R. 10-20. On March 22, 2017, the Appeals Council denied Matthews' request for review. R. 1-3. This Social Security Appeal was filed on April 11, 2017. *See* Doc. 1, Complaint.

## V. ADMINISTRATIVE DECISION

The ALJ noted that on June 17, 2009, Matthews was found disabled as of September 1, 2008. R. 13. The ALJ identified that decision as the "comparison point decision or CPD." R.

15. The CPD determined Matthews had schizophrenia as a medically determinable impairment. *Id*. Then employing the eight step process, the ALJ found that Matthews has not engaged in substantial gainful activity since the alleged onset date (Step 1); has the same severe impairment as at the time of the CPD (schizophrenia) and the impairment or combination of impairments does meet or equal in severity any impairment set forth in the listings (Step 2); medical improvement had occurred as of February 1, 2014 (Step 3); the medical improvement is related to the ability to work (Steps 4 - 5); the impairments in combination has not caused more than a minimal impact on the claimant's ability to perform basic work activities and therefore, the claimant no longer has a severe impairment or combination of impairments (Step 6). R. 15-19. The inquiry ends because of the Step 6 determination of no severe impairment. The ALJ also notes with emphasis that Matthews was currently employed at Burger King and enrolled as a student at Point University. R. 19. Consequently, the ALJ found Matthews has not been disabled since February 1, 2014. R. 19.

## VI. Issues

As Matthews is *pro se*, the 1 ½ page brief does not provide much in the form of issues other than a generalized assertion that the decision is wrong and complaints about the failure of both medical and social security administration personnel not addressing the question of being a hermaphrodite. *See* Doc. 15. The Commissioner frames the issues as whether substantial evidence supports the Commissioner's finding. *See* Doc. 16. The Court examines the entire record for obvious legal error and a general substantial evidence review.

## VII. Discussion and Analysis

In Matthews' case, the ALJ found "[t]he medical evidence supports a finding that, as of February 1, 2014, there had been a decrease in medical severity of the impairments." R. 16. In

support of those Step 3 findings, the ALJ stated "[t]he objective record is void of any evidence documenting treatment for the claimant's alleged conditions, which substantiates the ultimate finding that his conditions had improved and stabilized." *Id*. The ALJ also references a State Agency Psychologist who confirmed the mental conditions on July 11, 2014 and gave the opinion significant weight. *Id*. The ALJ did not mention, much less compare, the medical evidence of Matthews' impairments that was relied upon to make the original 2008 disability determination.

The failure to make such a comparison requires reversal and remand for application of the proper legal standard. *Klaes*, 499 F. App'x at 896 (quoting *Vaughn*, 727 F.3d at 1043). "If the ALJ fails to evaluate the prior medical evidence and make such a comparison, we *must* reverse and remand for application of the proper legal standard." *Id*. (emphasis added; internal quotations and citation omitted). As the ALJ made no reference to the original medical records and did not compare the prior and current medical evidence to determine whether it showed changes in the symptoms, signs or laboratory findings associated with Matthews' impairments, as required by 20 C.F.R. § 404.1594(c)(1) and Eleventh Circuit precedent. Accordingly, the ALJ failed to follow the proper legal standard, and the Court must reverse and remand so the Commissioner can apply the correct standard.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes the ALJ committed legal error. Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

As additional notes, the Court highly recommends that Plaintiff attend consider obtaining counsel for representation at the hearing. Further information on local legal representation from

legal aid organizations that may be available at no cost to Plaintiff is available from the Social Security Administration.  Further, this opinion expresses no opinion on whether there has been medical improvement or whether Matthews continues to be entitled to benefits.

        A separate judgment will be entered.

        DONE this 29th day of June, 2018.

                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE